**FILED**
**U.S. District Court**
**District of Kansas**
05/29/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RODERICK COULTER,

    **Plaintiff,**

    v.                           **CASE NO.  26-3024-JWL**

STATE OF KANSAS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Roderick Coulter is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

## I.  Nature of the Matter before the Court

On February 11, 2026, Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983. The Court issued a notice of deficiency ("NOD") directing Plaintiff to provide the financial information required to support his motion for leave to proceed in forma pauperis.  The deadline to respond to the NOD was March 13, 2026.  Plaintiff filed a request for an extension of time, which the Court granted making the new deadline April 23, 2026.  Plaintiff's copy of the order was returned to the Court on May 4, 2026, marked insufficient address.  The Court entered an order to show cause ("OSC") on the same date directing Plaintiff to provide his current address. Plaintiff filed a response to the NOD on May 14, 2026, showing Plaintiff has attempted to obtain his inmate account statement but the KDOC is unable to provide it at this time.  The Court therefore

grants Plaintiff provisional leave to proceed in forma pauperis.  Plaintiff must, however, continue his attempts to obtain an account statement for the appropriate six-month period, and he must submit the proper account statement as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.  Plaintiff has not yet responded to the OSC regarding his address.

Plaintiff alleges in the Complaint that he served 720 days of jail time that he did not have to serve.  (Doc. 1, at 5.)

Plaintiff names the State of Kansas and Kansas District Court Judge Cameron as defendants.  Plaintiff does not specify the relief that he seeks.  He states that "the State owes me 720 days [;] I served the time that they did not give me back." *Id.*

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Complaint is subject to dismissal for the following reasons.

### A.  Insufficient Factual Allegations

Plaintiff's Complaint does not adequately explain his claim.  He provides only the barest of factual allegations, but he does say, "I won this case in the State of Kansas appeals courts." (Doc. 1, at 5.)

In *State v. Coulter*, 2025 WL 2018351 (Kan. App. July 18, 2025), Plaintiff appealed his sentence on two state charges.  He had received probation with an underlying prison term of 30 months for one offense and 36 months for the other.  The terms were to run consecutively if imposed.  Approximately five years later, Plaintiff's probation was revoked, and he was ordered to serve a modified term of 30 months.  The district court found he had accrued 1,032 days of jail credit – 143 days prior to sentencing and 889 days on probation.  The district court split the credit between the two charges, giving him 720 days credit in one case and 312 days credit in the other case.  The Kansas Court of Appeals found Plaintiff was entitled to credit on both charges for all time spent awaiting resolution of his case and remanded the case for resentencing.  Upon remand, online state court records show that the district court made the following minute entry: "State

appears by O'Connor, Defendant with Durrett[.] Time was served." *State v. Coulter*, Case No. 17-CR-1325 (Nov. 10, 2025).

It appears that this is the background for Plaintiff's Complaint. If Plaintiff chooses to file an amended complaint, he should confirm this by including factual allegations that explain the basis for his Complaint.

### B. No Relief Sought

It is also not clear what remedy Plaintiff seeks in this case. As explained above, Plaintiff states in the Complaint that "the State owes me 720 days [;] I served the time that they did not give me back." (Doc. 1, at 5.)

A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.") (citation omitted)).

If Plaintiff is not alleging that he is entitled to a speedier release, he may be seeking money damages for allegedly overserving his sentence. However, failure to allege a physical injury prohibits compensatory damages under 42 U.S.C. § 1997e(e). Section 1997e(e) provides that

"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)). *See Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 4560901, at *6 (D. Kan. July 17, 2023) ("The mere fact of detention is not a physical injury.").

This Court has cited *Turner v. Schultz*, where the court concluded that § 1997e(e) applied to the plaintiff's malicious prosecution claims in spite of the fact that he did not challenge prison conditions. *Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 567201, at *3 (D. Kan. Sept. 1, 2023) (citing *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222–23 (D. Colo. 2001)). In *Turner*, where the plaintiff argued that the prosecution caused him "severe emotional stress and loss of enjoyment of life," the court held that:

> Mr. Turner first responds that the PLRA does not apply because his case is not based on prison conditions. I disagree. Two subsections of the statute refer specifically to suits "with respect to prison conditions." *See* 42 U.S.C. § 1997e(a) ("No action shall be brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") (emphasis added); 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief.") (emphasis added). However, the statute's provisions act independently. Although Congress restricted some clauses to prison condition suits, that provision does not apply in Mr. Turner's case. *See generally Archuleta v. Marshall,* No. 00–2033, 2000 WL 1005245 (10th Cir. July 20, 2000) (§ 1997e(e) applied to claim for use of excessive force although suit did not challenge prison conditions); *Hailey v. Kaiser,* No. 99–7046, 1999 WL 1009614 (10th Cir. Nov. 8, 1999) (§ 1997e(e) applied to claim for deliberate indifference to safety or security although suit did not challenge prison conditions); *Flanery v. Wagner,* No. 98–3235, 1999 WL 314615 (10th Cir. May 19, 1999) (§ 1997e(e) applied to alleged Fourth Amendment violation not involving prison conditions); *Craig v. Eberly,* 164 F.3d 490 (10th Cir.1998) (construing § 1997e(e) in accordance with the plain meaning of the section). I conclude that § 1997e(e) applies to Mr. Turner's malicious prosecution claims, although he does not challenge prison conditions.

\* \* \* \*

Because Mr. Turner has failed to show a physical injury in connection with his malicious prosecution claims, I dismiss those claims against Defendants Scott, King, Mooneyham, and Greco.

*Turner*, 130 F. Supp. 2d at 1223–24.

Plaintiff must explain the relief that he seeks from this Court.

## C. Immune Defendants

In addition to failing to include sufficient factual allegations and failing to explain what relief he seeks, Plaintiff has not named a proper defendant to a § 1983 action. Both named defendants, the State of Kansas and a state court judge, are immune from liability. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which

7

an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

Plaintiff also names a state district court judge.  A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiff alleges no facts whatsoever to suggest that the defendant judge acted outside of his judicial capacity.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained

from the original complaint.

Plaintiff must write the number of this case (26-3024-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis.  Plaintiff must continue his efforts to obtain the appropriate account statement and submit it to the Court for filing in this case as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

**IT IS FURTHER ORDERED** that Plaintiff remains obligated to comply with the OSC at Doc. 7 by providing his current address to the Court.  The deadline is extended to **June 29, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 29, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **June 29, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated May 29, 2026, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**