FILED
U.S. District Court
District of Kansas
08/14/2026
Clerk, U.S. District Court
By: JAL Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RODERICK COULTER,**

**Plaintiff,**

**v.** **CASE NO. 26-3024-JWL**

**STATE OF KANSAS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Adult Detention Center in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On May 29, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9, "MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's Amended Complaint (Doc. 12) and memorandum of law (Doc. 15) filed in response to the MOSC.

Plaintiff alleged in the original Complaint that he served 720 days of jail time that he did not have to serve. (Doc. 1, at 5.) He named the State of Kansas and Kansas District Court Judge Cameron as defendants. Plaintiff did not specify the relief that he seeks. He stated that "the State owes me 720 days [;] I served the time that they did not give me back." *Id.*

The Court found in the MOSC that Plaintiff's Complaint did not adequately explain his claim. He made the statement, "I won this case in the State of Kansas appeals courts." (Doc. 1, at 5.) From that statement, the Court found *State v. Coulter*, 2025 WL 2018351 (Kan. App. July 18, 2025), where Plaintiff had appealed his sentence on two state charges. He had received

probation with an underlying prison term of 30 months for one offense and 36 months for the other. The terms were to run consecutively if imposed. Approximately five years later, Plaintiff's probation was revoked, and he was ordered to serve a modified term of 30 months. The district court found he had accrued 1,032 days of jail credit – 143 days prior to sentencing and 889 days on probation. The district court split the credit between the two charges, giving him 720 days credit in one case and 312 days credit in the other case. The Kansas Court of Appeals found Plaintiff was entitled to credit on both charges for all jail time spent awaiting resolution of his case and remanded the case for resentencing, basing its decision on the Kansas Supreme Court's recent ruling in *State v. Ervin*, 566 P.3d 481 (Kan. 2025). Upon remand, online state court records show that the district court made the following minute entry: "State appears by O'Connor, Defendant with Durrett[.] Time was served." *State v. Coulter*, Case No. 17-CR-1325 (Nov. 10, 2025).

In the AC, Plaintiff confirms that this is the basis for his Complaint. However, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right *secured by the Constitution and laws of the United States*. . . .." *See West,* 487 U.S. at 48 (emphasis added). "After all, '§ 1983 "is not itself a source of substantive rights," but merely provides 'a method for vindicating *federal* rights elsewhere conferred.'" *Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (emphasis added) (unpublished) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). To this end, the form the Court requires prisoner plaintiffs to use for complaints under 42 U.S.C. § 1983 directs that for each count a plaintiff "allege that the following of my constitutional rights, privileges, or immunities have been violated." See Doc. 12, at 3.

Plaintiff claims in the AC that his Eighth and Fourteenth Amendment rights have been violated. Confinement beyond the end of an inmate's sentence gives rise to § 1983 liability under the Eighth Amendment only if the inmate's continued detention was the result of "deliberate

indifference" by state actors. *King v. Contra Costa Cnty.*, No. C 20-00462 SBA, 2020 WL 978632, at *2 (N.D. Cal. Feb. 28, 2020) (citing *see Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc)). Deliberate indifference is a "difficult standard to meet" as it requires a higher degree of fault than negligence, or even gross negligence. *Randall v. Board of County Com'rs,* 184 F. App'x 723, 726 (10th Cir. 2006) (citing *Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997)). Under this standard, an official acts with deliberate indifference if his conduct or policy disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights. *Barrie*, 119 F.3d at 869.

Similarly, to sufficiently allege a Fourteenth Amendment substantive due process violation, Plaintiff must allege that he was harmed "as a result of government conduct that 'shocks the conscience.'" *Perez v. Unified Gov't of Wyandotte Cnty.*, 432 F.3d 1163, 1166 (10th Cir. 2005); see also *Doe v. Woodard*, 912 F.3d 1278, 1300 (10th Cir. 2019).

Plaintiff has not alleged that any official acted with deliberate indifference or in a conscience-shocking manner, and the facts of the case do not support such a finding. Here, the additional jail-time credit that resulted in Plaintiff over-serving his sentence was due to a Kansas Supreme Court decision resolving a significant dispute over the interpretation of the applicable statute. *See Ervin*, 566 P.3d at 498 (noting Court of Appeals judges had disagreed about how jail-time credit should be awarded when multiple cases were involved). There is no allegation that the defendant or any other official mentioned by Plaintiff was, or could have been, aware that K.S.A. 21-6615 was being misinterpreted and then deliberately failed to ensure that Plaintiff received double credit for time served.

Further, Plaintiff has not named a proper defendant. In the AC, the only defendant is the warden of the Lansing Correctional Facility, where Plaintiff was confined. Plaintiff fails to

identify any state actors who were allegedly responsible for miscalculating his sentence.

The Court also found in the MOSC that it was not clear what remedy Plaintiff seeks in this case. As explained above, Plaintiff stated in the Complaint that "the State owes me 720 days [;] I served the time that they did not give me back." (Doc. 1, at 5.) In the AC, Plaintiff does not clarify: "They shall reward me my 720 days jail time that they owe me that I served all my time for." (Doc. 12, at 6.) However, in the memorandum of law Plaintiff filed in support of the AC, he states that he is seeking "payment for lost time spent in prison." (Doc. 15, at 2.)

As the Court found in the MOSC, failure to allege a physical injury prohibits compensatory damages under 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)). *See Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 4560901, at *6 (D. Kan. July 17, 2023) ("The mere fact of detention is not a physical injury.").

This Court has cited *Turner v. Schultz*, where the court concluded that § 1997e(e) applied to the plaintiff's malicious prosecution claims in spite of the fact that he did not challenge prison conditions. *Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 567201, at *3 (D. Kan. Sept. 1, 2023) (citing *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222–23 (D. Colo. 2001)). In *Turner*,

where the plaintiff argued that the prosecution caused him "severe emotional stress and loss of enjoyment of life," the court held that:

> Mr. Turner first responds that the PLRA does not apply because his case is not based on prison conditions. I disagree. Two subsections of the statute refer specifically to suits "with respect to prison conditions." *See* 42 U.S.C. § 1997e(a) ("No action shall be brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") (emphasis added); 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.") (emphasis added). However, the statute's provisions act independently. Although Congress restricted some clauses to prison condition suits, that provision does not apply in Mr. Turner's case. *See generally Archuleta v. Marshall,* No. 00–2033, 2000 WL 1005245 (10th Cir. July 20, 2000) (§ 1997e(e) applied to claim for use of excessive force although suit did not challenge prison conditions); *Hailey v. Kaiser,* No. 99–7046, 1999 WL 1009614 (10th Cir. Nov. 8, 1999) (§ 1997e(e) applied to claim for deliberate indifference to safety or security although suit did not challenge prison conditions); *Flanery v. Wagner,* No. 98–3235, 1999 WL 314615 (10th Cir. May 19, 1999) (§ 1997e(e) applied to alleged Fourth Amendment violation not involving prison conditions); *Craig v. Eberly,* 164 F.3d 490 (10th Cir.1998) (construing § 1997e(e) in accordance with the plain meaning of the section). I conclude that § 1997e(e) applies to Mr. Turner's malicious prosecution claims, although he does not challenge prison conditions.
>
> * * * *
>
> Because Mr. Turner has failed to show a physical injury in connection with his malicious prosecution claims, I dismiss those claims against Defendants Scott, King, Mooneyham, and Greco.

*Turner*, 130 F. Supp. 2d at 1223–24.

Plaintiff has not shown a physical injury in connection with his claim. Therefore, he is not entitled to compensatory damages.

In conclusion, the AC is subject to dismissal because it fails to state a claim for the violation of Plaintiff's constitutional rights and because the remedy Plaintiff seeks is not available.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 14, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**